HERBERT H. ROZOFF ASSOCIATES, INC., Plaintiff-Appellee, *v.* THE PURITY CORPORATION *et al.*, Defendants.—(GEORGE D. SULLIVAN, JR., Defendant-Appellant.)

First District (4th Division)    No. 77-2

Opinion filed December 22, 1977.

William J. Harte, Ltd., of Chicago, for appellant.

Greenbaum & Leavitt, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Herbert H. Rozoff Associates, Inc., brought this action against defendants, The Purity Corporation (Purity) and George D. Sullivan, Jr., for $11,844.83 allegedly owed plaintiff for the performance of public relations services to Purity and which Sullivan had personally agreed to guarantee. Subsequent to the filing of the action, Purity filed a voluntary petition in bankruptcy. Plaintiff requested summary judgment against Sullivan in the amount of $8,021.10, the amount of liquidated damages Purity had "approved" for payment, but had not paid to plaintiff. The trial court granted summary judgment for this amount and found there was no just reason to delay enforcement or appeal. (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).) Plaintiff's cause of action as to Purity and as to the $3,823.73 claim remaining against Sullivan is pending in the circuit court.

Purity was incorporated in April 1971 to develop new antipollution devices. Plaintiff rendered public relations services to Purity on a monthly retainer basis. In March 1975, Purity was having cash-flow problems and had fallen behind in its payments to plaintiff. Invoices dated in January, February, and March 1975, totaling $8,021.10, were unpaid by Purity. In March 1975, Herbert Rozoff, plaintiff's president, agreed to continue his work on behalf of Purity upon Sullivan's personal guarantee of the Purity account. An important press conference had been scheduled at the Illinois Institute of Technology in April 1975 which was of particular significance because tests indicated a device developed by Purity was a breakthrough in the control of air pollution. On April 4, 1975, on the letterhead of his Chicago law office, Sullivan wrote the following letter to Rozoff:

"Dear Herb:

Thank you for your letter of March 28.

Please be advised that I will personally guarantee Purity's current account with you and I hope that our press conference will be a resounding success.

Very truly yours,
George."

At his discovery deposition, Sullivan asserted that the above promise to Rozoff was contingent upon Purity's approval of plaintiff's subsequent work in connection with the April 1975 press conference. Sullivan also claimed plaintiff did not satisfactorily perform its professional responsibilities with respect to the press conference and subsequent services.

■■ Defendant contends genuine issues of material fact were raised concerning whether the parties entered into a guaranty contract, whether Sullivan attached conditions to his guarantee, and, if so, whether plaintiff met these conditions and whether there was subsequent consideration for Sullivan's promise.

The letter of April 4, 1975, written by an experienced attorney in connection with a business matter of some importance, does not state that there were any conditions attached to the promise to pay Purity's current account. It is fundamental that unless a contract is ambiguous, its meaning must be determined from the words used. (*Sorrentino v. Waco Scaffolding & Shoring Co., Inc.* (1976), 44 Ill. App. 3d 1055, 1058, 358 N.E.2d 1244, 1246.) Moreover, where the language of a contract is unambiguous, parol evidence is not permitted to alter the contract. (*Katz v. Diabetes Association of Greater Chicago* (1975), 31 Ill. App. 3d 240, 243, 333 N.E.2d 293, 295.) We find that this contract was not ambiguous. Accordingly, Sullivan's deposition testimony was not required for a proper construction of the instrument, nor can it be used to create an issue of fact as to the parties' intentions.

■■ ■ Sullivan also contends there was no consideration for his promise. However, it is undisputed that at the time of Sullivan's letter on April 4, 1975, $8,021.10 billed to Purity was unpaid, and that plaintiff agreed to continue its work on behalf of Purity only upon Sullivan's personal guarantee. We find there was adequate consideration for Sullivan's promise because plaintiff was not otherwise obligated to continue to perform services for Purity as it was not being paid, and because Sullivan, in return, obtained the services of plaintiff for the crucial April press conference. (See *Merchandise National Bank v. Kolber* (1977), 50 Ill. App. 3d 365, 365 N.E.2d 688.) The trial court properly entered summary judgment for plaintiff.

The order of summary judgment is affirmed and the cause is remanded to the circuit court of Cook County for further proceedings.

Affirmed and remanded.

DIERINGER, P. J., and ROMITI, J., concur.