DONALD F. SCHROUD, Plaintiff-Appellee, *v.* VAN C. ARGIRIS & CO., Defendant-Appellant.

First District (4th Division)   No. 79-459

Opinion filed November 21, 1979.—Rehearing denied December 28, 1979.

James A. Stamos, of Chicago, for appellant.

Donald L. Johnson, William Biederman, and Michael Weininger, all of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff, after arbitration pursuant to the bylaws of the Chicago Real Estate Board (hereinafter Board), was awarded the commissions

claimed. Over 90 days after the delivery of the award the defendant, in response to the plaintiff's complaint in the circuit court to confirm, filed a motion to dismiss on the ground that since the plaintiff had not been a member of the Board when the controversy arose, the Board lacked jurisdiction. The court confirmed the award. While we agree with the court that the Board had jurisdiction, we find that neither the trial court nor this court could properly consider that issue since the defendant failed to attack the award within the 90 days required by statute and thus, for that reason alone, the award must be affirmed.

The plaintiff on April 28, 1977, filed a complaint for declaratory judgment and other relief against the defendant. On May 4, 1977, the defendant moved to dismiss the complaint, asserting, *inter alia*, that the court had no jurisdiction since the parties, by reason of their membership in the Board, had entered into an agreement to submit any controversy between them to arbitration in accordance with the Illinois Uniform Arbitration Act. Article VIIA, section 2(a) of the bylaws of the Chicago Real Estate Board provides:

> "The Arbitration Committee shall have jurisdiction over any controversy between members related to a commission claimed or charged by or paid to such members or to any other matters arising out of their business as brokers or agents."

On May 5, 1977, the trial court entered an order finding that the Board had exclusive jurisdiction and dismissed the complaint as being premature, with leave to the plaintiff, without prejudice, to file an amended complaint within 28 days. It also found that the order was a final order and that there was no just reason to delay the enforcement of the order. On May 25, 1977, the plaintiff moved to vacate the dismissal order on the ground that in fact the plaintiff was not a member of the Board and for that reason the Board lacked jurisdiction over the controversy. (Plaintiff was not a member because the defendant, while the plaintiff's employer, had failed to pay the plaintiff's dues.) The defendant responded to this motion by contending that the plaintiff, by filing a complaint with the Board on May 4, 1977, and an emergency motion on May 13, 1977, submitted to the jurisdiction of the Board.

On June 29, 1977, the court vacated the May 5, 1977, order of dismissal and allowed the plaintiff 28 days within which to file a complaint. On July 28, 1977, the plaintiff filed his amended complaint. The next day he became a member of the Board. On September 23, 1977, the defendant moved to dismiss the complaint *inter alia* because the Board had jurisdiction. On September 30, 1977, the plaintiff refiled its complaint with the Board. In a move inconsistent with its prior position, the defendant, on October 17, 1977, moved to dismiss the complaint before the Board on the grounds it lacked jurisdiction because the

plaintiff was not a member at the time the cause of action arose or when the complaint was filed (this latter contention is, obviously, factually incorrect since the plaintiff became a member on July 29 and filed the second complaint on September 30). The defendant filed an answer in the arbitration proceedings on November 17, 1977, after being assured by the Board that this would not prejudice the motion to dismiss.

On November 1, 1977, the defendant had filed in court an amended motion to dismiss deleting as a ground for dismissal the allegation that the Board had exclusive jurisdiction, stating in the amended motion that when the first motion was filed the defendant had been under the erroneous impression that the plaintiff was a member of the Board. However, despite the fact that the amended motion had apparently deleted the contention that the Board had exclusive jurisdiction, the court, on November 22, 1977, granted the defendant's motion to dismiss (without prejudice) on the ground that "the court being advised by the plaintiff that the issues raised in plaintiff's complaint are now subject to the arbitration facilities of the Chicago Real Estate Board." This order was drafted by the defendant's attorney. Indeed, defendant's attorney stated before the Board that it had been an agreed order but that it was entered with the knowledge there was a pending motion to dismiss before the Board.

On February 14, 1978, nearly 10 months after the plaintiff first filed the action in court, the Board conducted its hearing. The Board, after hearing arguments, concluded that the provision of section 2(a) of the bylaws means that if the parties are members at the time of the filing of the complaint, the Board has jurisdiction. The defendant did not deny at the hearing that the commissions were due.

On May 17, 1978, the Board rendered its decision finding that it had jurisdiction and that the defendant had admitted liability for the $13,065 claimed on commissions paid the defendant and awarded that sum to the plaintiff. The defendant received a copy of the order on the same date.

On June 14, 1978, the plaintiff filed a complaint to confirm the award. On July 20, 1978, the defendant filed a motion to dismiss contending that since it had 90 days in which to file a complaint to vacate the award, the complaint to confirm was premature. On August 4, 1978, the court denied the motion to dismiss and granted the defendant 28 days to answer the complaint. On August 30, 1978, within the 28-day period but two weeks after the 90-day period had expired, the defendant filed an answer admitting that the award had not been paid, stating that it had not been paid because the Board had no jurisdiction and asking that the complaint be dismissed. On October 6, 1978, the plaintiff moved to strike the affirmative defense and for entry of judgment on the pleadings on the ground the defendant had failed to contest the award within the statutory

period. The court granted the motion, apparently on the ground the Board had jurisdiction.

## I.

■■■ Under section 12(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 112(b)), a party, if it desires to have an arbitration award vacated, must file its complaint within 90 days after the delivery of a copy of the award. The filing of a complaint to confirm before the end of the 90-day period does not extend the 90-day statutory period within which a complaint for vacation of the award must be filed. (*Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 389 N.E.2d 1286; Ill. Rev. Stat. 1977, ch. 10, pars. 111, 112.) In the present case the award notice was delivered on May 17, 1978. On June 14, 1978, the plaintiff filed his complaint to confirm. Defendant's answer attacking the award was not filed until August 30, 1978, well beyond the 90-day statutory period prescribed by section 12 of the Act. We find, as we did in *Bloom*, that by failing to move for vacation of the award in a timely manner the defendant waived any right to challenge the award.

■■ We are aware that the trial court on August 4, 1978, entered an order allowing the defendant to file its answer within 28 days and that the defendant's answer was filed within the allotted period, although after the 90-day period permitted by statute. We find nothing in this statute to indicate that the 90-day period in which to attack the award can be extended by the court. Accordingly, we hold that while the trial court's order of August 4, 1978, allowing the defendant 28 days in which to plead was certainly effective to permit the defendant to raise any issues which did not attack the award, the order did not and could not purport to extend the 90-day period provided by statute. Moreover, while the defendant in its answer to the motion to strike did in part rely on the extension of time granted by the trial court, it did not raise the issue on appeal or attempt in its brief to show that despite the clear language of the statute and the defendant's equally clear failure to file its attack on the award within 90 days, the court could consider the validity of the award. Accordingly, the contention is waived. Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).

■■ The defendant in its answer to the motion to strike also contended that it could attack the award at any time, either directly or collaterally, whether timely or otherwise, since the Board lacked subject matter jurisdiction. While the defendant has not raised this contention on appeal we will address it briefly because of its importance. The defendant is contending either that there was no agreement of the parties to arbitrate because the plaintiff had not been a member of the Board or that at the very least the arbitrators exceeded their authority. Both of these

contentions are proper defenses to an award. (*Garver v. Ferguson* (1978), 63 Ill. App. 3d 453, 380 N.E.2d 401, *reversed* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181, court finding arbitrators did not exceed powers; *Board of Education v. Champaign Educational Assn.* (1973), 15 Ill. App. 3d 335, 304 N.E.2d 138; *Allstate Insurance Co. v. Johnson* (1968), 103 Ill. App. 2d 485, 243 N.E.2d 5 (abstract)), *if* timely and properly raised. (Ill. Rev. Stat. 1977, ch. 10, par. 112.) Section 12, however, requires any petition to vacate upon these grounds to be filed within the ninety-day period. It follows that where the party has failed to file a timely motion to vacate, the award must be confirmed and the party bound thereby even though the matter should not have gone to arbitration. See for example *Wacker v. Allstate Insurance Co.* (Minn. 1977), 251 N.W.2d 346.

## II.

Even if we could consider the validity of the award, we would affirm. The bylaws of the Board, to which the defendant agreed by joining, provide: "The Arbitration Committee shall have jurisdiction over any controversy between members * * *." The defendant has not denied that it is and was a member; the plaintiff has been a member since July 29, 1977, two months before the second complaint was filed. Both were members when the matter was heard and decided by the Board. Clearly, this was a controversy between members as the Board itself, the drafter of the provision as well as the arbitrator, concluded.

The defendant, however, in effect, wishes this court to rewrite the bylaws by inserting the words "at the time the cause of action accrued" after the word "members." This we cannot do. An arbitration agreement is construed in the same manner as any other agreement. (*Flood v. County Mutual Insurance Co.* (1967), 89 Ill. App. 2d 358, 232 N.E.2d 32, *rev'd on other grounds* (1968), 41 Ill. 2d 91, 242 N.E.2d 149; 5 Am. Jur. 2d *Arbitration and Award* §14 (1962).) An agreement must be construed according to the language of the agreement. (*L. B. Herbst Corp. v. Northern Illinois Corp.* (1968), 99 Ill. App. 2d 101, 241 N.E.2d 125; *Herbert H. Rozoff Associates, Inc. v. Purity Corp.* (1977), 56 Ill. App. 3d 1, 371 N.E.2d 976; *Touhy v. Twentieth Century-Fox Film Corp.* (1979), 69 Ill. App. 3d 508, 387 N.E.2d 862.) A court may not rewrite a contract to suit one of the parties but must enforce the terms as written. (*Sigma Delta Tau Society v. Alongi* (1976), 44 Ill. App. 3d 650, 358 N.E.2d 906; *Whaley v. American National Insurance Co.* (1975), 30 Ill. App. 3d 32, 331 N.E.2d 571; *Excellent Builders, Inc. v. Pioneer Trust & Savings Bank* (1973), 15 Ill. App. 3d 832, 305 N.E.2d 273; *Walgreen Co. v. American National Bank & Trust Co.* (1972), 4 Ill. App. 3d 549, 281 N.E.2d 462; *Knockaert v. Studebaker Corp.* (1967), 84 Ill. App. 2d 16, 228 N.E.2d 101 (abstract).) Finally, it must be remembered that the courts regard arbitration

agreements with favor (*County of Will v. Local 1028, Will County Employees Union* (1979), 67 Ill. App. 3d 745, 385 N.E.2d 168, *appeal denied* (1979) 75 Ill. 2d 595; *School Dist. No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25, *appeal denied* (1966) 33 Ill. 2d 628; *Charles O. Finley & Co. v. Kuhn* (7th Cir. 1978), 569 F. 2d 527, *cert. denied* (1978), 439 U.S. 876, 58 L. Ed. 2d 190, 99 S. Ct. 214; 5 Am. Jur. 2d *Arbitration and Award* §5 (1962)), and that each day it remained a member of the Board the defendant agreed to adhere to the bylaws and thus agreed to arbitrate such disputes. *Johnson v. Schuberth* (1963), 40 Ill. App. 3d 467, 189 N.E.2d 768.

### III.

In view of this conclusion, we need not rule on the plaintiff's contention that the defendant by repeatedly moving to dismiss the court action claiming that the Board had exclusive jurisdiction is estopped from raising the Board's lack of jurisdiction. We would, however, make a few comments. The defendant through its attorney drafted the November 22, 1977, order dismissing the complaint because the Board had jurisdiction, yet it included nothing in the order indicating it was reserving the right to object to the Board's jurisdiction. Moreoever, there is nothing in the record to show that defendant objected to the court's dismissal of the complaint for want of jurisdiction. Section 12(5) of the Uniform Arbitration Act permits a party to seek to vacate an award because there was no arbitration agreement only if the issue had not been previously adversely determined in a proceeding under section 2 of the Act (Ill. Rev. Stat. 1977, ch. 10, par. 102). Section 2 applies to proceedings to compel or stay arbitration, and provides for the court to determine whether there was an agreement to arbitrate if that issue is raised in a motion to compel or stay arbitration. Even if the various proceedings in the trial court in this case do not qualify as proceedings to compel or stay arbitration, the intent of the statute would seem to have required the defendant, once the court ruled that the Board had jurisdiction, to have sought to have that decision vacated if it disagreed. Moreover, as late as its motion of September 23, 1977, the defendant was contending that the Board had exclusive jurisdiction; it was not until after the plaintiff refiled his complaint with the Board, after having become a member, that the defendant decided that the Board did not have jurisdiction after all. The defendant has contended that its repeated statements that the Board had exclusive jurisdiction were made under the erroneous belief that the plaintiff was a member when the controversy arose. We find the contention to be somewhat doubtful in light of the facts that (1) it was the defendant who prevented that membership by failing to pay the plaintiff's dues and (2) the affidavit of the vice-president of the Board that the plaintiff was not a

member was filed with the court on May 25, 1977, three months before the defendant's motion of September 23, 1977. Furthermore, this contention is inconsistent with the defendant's contention in its June 23, 1977, reply to the motion to vacate the dismissal that the plaintiff had submitted to the jurisdiction of the Board by filing his motion to arbitrate.

For the reasons stated in the opinion, the judgment of the trial court is affirmed.

Affirmed.

JIGANTI, P. J., and JOHNSON, J., concur.