2021 IL App (1st) 182148-U

THIRD DIVISION
June 23, 2021

Nos. 1-18-2148 and 1-18-2423, Consolidated

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ED SMITH d/b/a SUNSHINE MEDICAL, INC., | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 L 2251 |
| | ) | |
| MIOMED ORTHOPAEDICS, INC., | ) | |
| | ) | Honorable Patrick J. Sherlock, |
| Defendant-Appellant/Cross-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

ORDER

¶ 1    *Held*: The circuit court did not err when it entered summary judgment in plaintiff's favor in an action to enforce an arbitration award. The circuit court did, however, err when it denied plaintiff the opportunity to seek attorney fees.

¶ 2    Plaintiff Ed Smith was awarded around $90,000 following an arbitration. The arbitration award was based upon sales commissions that Smith sought from defendant Miomed Orthopaedics, Inc. that he claimed he had earned when he acted as an independent contractor for

Miomed. When Miomed did not pay the arbitration award, Smith filed this action in the circuit court seeking enforcement of the arbitration award. The trial court granted Smith's motion for summary judgment ordering the enforcement of the arbitration award, but the court denied Smith's demand for attorney fees. Miomed appeals the circuit court's grant of summary judgment in Smith's favor. Smith cross-appeals arguing that he is entitled to attorney fees. We affirm the circuit court's judgment that Smith is entitled to an enforcement of the arbitration award, but we reverse the circuit court's judgment that Smith is not entitled to attorney fees. We remand the case for the sole purpose of permitting plaintiff to file a petition for the reasonable attorney fees incurred in this matter.

¶ 3                                     BACKGROUND

¶ 4      Plaintiff Ed Smith worked as a sales representative for defendant Miomed Orthopaedics, Inc. Smith worked under an independent contractor agreement and a portion of his compensation was derived from commissions he earned from sales made in his designated territory. Smith ended his relationship with Miomed and stopped performing work for it on December 31, 2016. Following the separation, Smith sought commissions for certain sales made in his territory for which he claimed he was owed commissions.

¶ 5      Under the independent contractor agreement, any controversies between the parties that arose out of that contractual relationship were subject to binding arbitration. Smith submitted the dispute over the unpaid commissions to arbitration. In response to the claim Smith submitted to arbitration, Miomed argued that Smith was not entitled to the requested commissions, and it claimed that it was entitled to damages from Smith because he went to work for a competitor in violation of a covenant not to compete.

1-18-2148)
1-18-2423) Cons.

¶ 6     A binding arbitration proceeding was held, and both parties appeared and were represented by counsel. The arbitrator found in Smith's favor and awarded him $89,604.91 for damages and attorney fees, plus $2,050 in costs. A final arbitration award was entered on January 30, 2018.

¶ 7     On March 1, 2018, Smith filed a complaint in the circuit court to enforce the arbitration award. In his complaint seeking enforcement of the arbitration award, Smith alleged that Miomed had not paid him according to the arbitrator's binding decision. Smith further alleged that he had made multiple inquiries with Miomed regarding when a payment would be forthcoming and that he had not received the information he requested from Miomed about the payment.

¶ 8     Miomed answered the complaint, and it asserted a counterclaim for judicial review of the arbitration award. In its counterclaim, Miomed reasserted that Smith was not entitled to the commissions he was seeking, and it again stated that Smith violated a covenant not to compete. Miomed sought judicial review of the arbitration award, arguing that the arbitrator's determination was not based on the evidence. Miomed further argued that the arbitrator ignored the testimony that supported its position, among other disagreements with the arbitrator's award.

¶ 9     Smith filed a motion for summary judgment and the dispositive motion was fully briefed by the parties. Thereafter, the circuit court entered judgment as a matter of law in Smith's favor, ordering Miomed to comply with the arbitrator's award. Miomed filed a motion to reconsider in which it asserted that the circuit court did not duly consider the claims raised in its answer and counterclaim. The circuit court denied the motion to reconsider. Miomed then filed this appeal. Smith filed a cross appeal seeking the attorney fees he incurred in the circuit court action.

¶ 10                                    ANALYSIS

¶ 11    On appeal, Miomed argues that the circuit court erred when it granted summary judgment

in Smith's favor. Miomed contends that the allegations made in its answer and its counterclaim

raised a question of fact that should have caused the trial court to deny the motion for summary

judgment.

¶ 12    Summary judgment is appropriate when the pleadings, depositions, admissions, and

affidavits, viewed in a light most favorable to the nonmovant, fail to establish a genuine issue of

material fact, thereby entitling the moving party to judgment as a matter of law. 735 ILCS 5/2–

1005 (West 2018); *Fox v. Seiden*, 2016 IL App (1st) 141984, ¶ 12. Summary judgment promotes

the efficient and economical use of the judicial system. *Kahn v. First National Bank of Chicago*,

216 Ill. App. 3d 272, 275 (1991). We review a trial court's ruling on a motion for summary

judgment *de novo. Illinois Tool Works Inc. v. Travelers Casualty & Surety Co.,* 2015 IL App

(1st) 132350, ¶ 8.

¶ 13    Miomed takes significant issue with the fact that Smith filed his motion for summary

judgment before it filed its answer and counterclaim. However, Miomed filed its answer and

counterclaim just three days after the summary judgment motion was filed and Miomed filed a

response to the motion for summary judgment, both of which were filed long before the trial

court adjudicated the motion for summary judgment. Miomed was not deprived of any

opportunity to argue its positions in the circuit court.

¶ 14    In its response to the motion for summary judgment, Miomed was fully able to develop

its arguments and attempt to persuade the court that it should not enter summary judgment.

Miomed attached its answer and counterclaim to its response to the motion for summary

judgment. It argued that the issues raised in its answer and counterclaim raised genuine issues of material fact that precluded the entry of summary judgment. It was only then, with the complaint, answer, and counterclaim on file, and after the summary judgment motion was fully briefed, that the trial court considered the submissions and ruled that Smith was entitled to summary judgment. Miomed has not demonstrated any prejudice from the timing of the proceedings below.

¶ 15    Miomed also argues that the trial court "apparently" did not consider its answer and counterclaim when it ruled on the motion for summary judgment. The record contains no support for Miomed's contention. In the absence of any evidentiary support to the contrary, we must presume that the trial court considered the relevant material and the arguments of the parties when it ruled on the motion for summary judgment. See *American Service Insurance Co. v. Pasalka*, 363 Ill. App. 3d 385, 395 (2006); *Long v. Soderquist*, 126 Ill. App. 3d 1059, 1064 (1984). Moreover, in its motion to reconsider, Miomed again raised its argument that its answer and counterclaim should be sufficient to defeat Smith's motion for summary judgment. The trial court rejected that contention and denied the motion to reconsider. Miomed's mere speculation on this subject is not sufficient to entitle it to any relief on appeal.

¶ 16    Miomed contends that the trial court erred when it granted Smith's motion for summary judgment because its answer and counterclaim raised questions of material fact. However, it is well-settled that a party may not rely on its answer in an attempt to raise questions of material fact in the face of a motion for summary judgment supported by competent evidence. *Lawry's The Prime Rib, Inc. v. Metropolitan Sanitary District of Greater Chicago*, 205 Ill. App. 3d 1053, 1059 (1990).

¶ 17   As far as its counterclaim is concerned, Miomed's attempt to vacate the arbitration award through its counterclaim is untimely. Under the Illinois Arbitration Act (710 ILCS 5/1 *et seq.* (West 2018)) a party has 90 days from the delivery of the award to seek to vacate the award. 710 ILCS 5/12(b) (West 2018). Miomed concedes, and the record confirms, that its counterclaim was filed more than 90 days after the award was received. Miomed nonetheless asserts, without any supporting authority, that it should be entitled to seek to vacate the arbitration award beyond the 90-day period because it is doing so in response to Smith's action to enforce the award.

¶ 18   Miomed essentially argues that it should be rewarded for failing to pay Smith in compliance with the arbitrator's award in a timely manner, thereby forcing Smith to file a claim in court. Then, its reasoning goes, once Smith filed a complaint to enforce the arbitration award, it received an open-ended extension to challenge the award. Miomed's position is contrary to the Arbitration Act and to the principles that underlie our encouragement of arbitration as a method of final and expeditious dispute resolution.

¶ 19   The Illinois Arbitration Act embodies a legislative policy favoring enforcement of agreements to arbitrate future disputes. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). Like the legislature, our courts also favor arbitration because it is an effective, expeditious, and cost-efficient method of dispute resolution. *Id*. Limited judicial review of arbitration awards fosters the long-accepted and encouraged principle that an arbitration award should be the end, not the beginning of litigation. *Yorulmazoglu v. Lake Forest Hospital*, 359 Ill. App. 3d 554, 564 (2005).

¶ 20   In *Schroud v. Van C. Argiris & Co.*, 78 Ill. App. 3d 1092, 1095 (1979), we rejected the same argument Miomed raises here. We held that "[t]he filing of a petition to confirm [an arbitration award] before the end of the ninety day period does not extend the ninety day

statutory period within which a request for vacation of the award must be filed." *Id.* That holding applies here to conclusively defeat Miomed's arguments on appeal.

¶ 21    As one further point on the untimeliness of Miomed's attempt to vacate the arbitration award, Miomed had 60 days after the complaint for enforcement of the arbitration award was filed in which it could have sought judicial review within the time allowed by statute. Miomed had ample opportunity to seek judicial review of the arbitration award, but it failed to do so within the time allowed. See 710 ILCS 5/12(b) (West 2018); *Schroud*, 78 Ill. App. 3d at 1095. The 90-day period gave Miomed a full and fair opportunity to challenge the merits of the arbitration award. Therefore, the judgment of the circuit court is affirmed.

¶ 22    Timeliness aside, Miomed raised nothing in the counterclaim that amounted to a material fact for purposes of vacating the arbitration award. Miomed simply reasserted allegations expressing its desire to relitigate the issues it raised at the binding arbitration and to posit that the arbitrator did not consider the evidence favorable to Miomed. In the absence of fraud, which is not alleged here, we must presume that the arbitrator considered all of the evidence. *Pillott v. Allstate Ins. Co.*, 48 Ill. App. 3d 1043, 1047 (1977). The arbitrator is presumed to have considered all the evidence, and her determination is conclusive of the parties' rights. *Costello v. Illinois Farmers Insurance Co.*, 263 Ill. App. 3d 1052, 1055 (1993). The point of arbitration is to provide a quick and economical alternative to litigation, and, wherever possible, we must construe arbitration awards to uphold their validity, only vacating such awards in extraordinary circumstances. *Salsitz*, 198 Ill. 2d at 13; *Anderson v. Golf Mill Ford, Inc.* 383 Ill. App. 3d 474, 479 (2008). Miomed's position in the circuit court and on appeal represents the antithesis of finality and expeditiousness—it wants a second chance to persuade a factfinder to accept its contentions. The parties' submissions and the evidence on file with the circuit court clearly

7

showed that Smith was entitled to the enforcement of the arbitration award, as a matter of law. The trial court did not err when it granted Smith's motion for summary judgment.

¶ 23    The final issue Miomed raises on appeal is that the trial court erred when it granted Smith's petition for costs. The trial court granted Smith $728 in costs. Miomed contends, without supporting authority, that, because "the record does not contain any articulated grounds or basis for the award of [costs]," the trial court abused its discretion. We reject Miomed's argument. Miomed provides no authority to support the proposition that a trial court must specifically articulate the grounds for granting costs, lest the trial court abuse its discretion. Moreover, and as described in further detail below (see *infra* ¶ 26), Smith is entitled to court costs by operation of statute.

¶ 24    As a final point, Smith correctly points out that Miomed's statement of facts is insufficient and should be stricken. We also observe that portions of Miomed's argument are not supported by relevant authority or proper citation to such authority. "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Gandy v. Kimbrough,* 406 Ill. App. 3d 867, 875 (2010). Supreme Court Rule 341 requires a statement of the facts, with citation to the record, necessary for an understanding of the case and a clear statement of contentions with supporting citation of authorities and pages of the record relied on. Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. July 1, 2008). These rules are not merely suggestions; they are necessary for the proper and efficient administration of the courts. *Walters v. Rodriguez,* 2011 IL App (1st) 103488, ¶ 5. Miomed's submission on appeal falls short of these standards,

8

but we have nonetheless elected to resolve this appeal on the merits. The trial court did not err when it granted Smith's motion for summary judgment.

¶ 25                                    CROSS-APPEAL

¶ 26    Smith filed a cross-appeal arguing that the trial court erred when it denied him the opportunity to file a petition for attorney fees. Smith was awarded attorney fees by the arbitrator and the circuit court entered judgment on that award. Smith, however, argues that the trial court erred when it denied his request for the additional attorney fees incurred in the circuit court action to enforce the arbitration award. Smith contends that he is entitled to attorney fees under the Sales Representative Act (820 ILCS 120/0.01 *et seq*. (West 2018)) which obligates a principal to pay attorney fees when that principal fails to make timely commission payments to a sales representative. 820 ILCS 120/3 (West 2018).

¶ 27    In his complaint, Smith alleged that he was entitled to attorney fees "for the bringing of this action" and prayed for the relief of "additional attorney's fees and court costs for the bringing of this action." In his motion for summary judgment and his reply brief submitted in support of his motion for summary judgment, Smith set forth that he was seeking, and was entitled to receive, attorney fees for Miomed's failure to comply with the arbitrator's award.

¶ 28    The Sales Representative Act's attorney fee provision is not limited to the attorney fees and costs a sales representative incurs in an arbitration. See 820 ILCS 120/3 (West 2018). Rather, the broad liability of a principal who wrongly withholds commission payments extends to the sales representative's reasonable attorney fees and court costs brought about by the principal's wrongful nonpayment of commissions. *Id*. No showing of culpability is necessary for imposition of reasonable attorney fees and court costs under the Illinois Sales Representative Act for failure to make timely payment of commissions. *Maher & Associates, Inc. v. Quality*

*Cabinets*, 267 Ill. App. 3d 69, 81 (1994). Instead, attorney fees and costs are compensatory, rather than punitive, and the Act states that fees and costs "shall" be imposed for a violation of the provision of the Act relating to the timely payment of commissions. *Id.* In this case, the trial court did not give any reason for denying Smith's prayer for attorney fees and we see no justification for denying Smith the benefit the statute provides to him. The statute makes the award of attorney fees mandatory. See *id.* Accordingly, on remand, Smith is entitled to file a fee petition for the reasonable attorney fees he has incurred in his effort to compel Miomed to comply with its contractual and statutory obligations, including the attorney fees incurred in bringing this appeal.

¶ 29                                      CONCLUSION

¶ 30     Accordingly, we affirm in part, reverse in part, and remand the case for further proceedings. The judgment in favor of plaintiff stands. The case is remanded for the sole purpose of permitting plaintiff to file a fee petition for the reasonable attorney fees incurred in this matter as set forth in the relevant statute. See 820 ILCS 120/3 (West 2018).

¶ 31     Affirmed in part, reversed in part, remanded for further proceedings.