Ray **MARSHALL**, Secretary of **Labor,** United States Department of Labor, Plaintiff,

v.

**UNITED EGG PRODUCTS, INC., and Max Ballas, Individually, Defendants.**

**Civ. A. No. CV380–26.**

United States District Court, S. D. Georgia, Dublin Division.

Aug. 18, 1982.

Bobbye D. Spears, Regional Sol., U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Robert H. Buckler, Thompson, Mann & Hutson, Atlanta, Ga., for defendants.

## ORDER

BOWEN, District Judge.

This action is brought under the Fair Labor Standards Act (hereinafter the "Act"), 29 U.S.C. § 201, *et seq.* and charges the defendants with violations of section 6 and 15(a)(2) of the Act (failure to pay the applicable minimum wage), violations of sections 7 and 15(a)(2) of the Act (failure to properly compensate employees for overtime worked), and violations of sections 11(c) and 15(a)(5) of the Act and of the regulations at 29 CFR 516 (failure to comply with the recordkeeping provisions of the Act). The defendants United Egg Products and Max Ballas have filed a motion for summary judgment, pursuant to Fed.R. Civ.P. 56, on the grounds that there is no evidence that the defendants have not properly paid their employees. In support of their motion the defendants offer the depositions of five employees and the affidavits of twenty-five employees. The plaintiff opposes the motion and has submitted an affidavit of a government compliance officer who asserts that, based upon interviews with the defendants and some of the employees, he has concluded that the employees were not properly paid.

Summary judgment should be granted only if it is determined from the record of the case that genuine issues of material fact do not exist and the moving party is entitled to judgment as a matter of law. *Cubbage v. Averett*, 626 F.2d 1307, 1308 (5th Cir. 1980). The proponent of a summary judgment motion bears the initial burden of demonstrating that no genuine factual issues exist. In considering a motion, the Court must view the record in the light most favorable to the opposing party, and any doubts as to the presence of a factual issue must be resolved against the movant. *Erco Industries Ltd. v. Seaboard Coast Line R. Co.*, 644 F.2d 424 (5th Cir. 1981). If a movant's supported motion pierces the pleadings of the opposing party, the burden shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by reliance on the pleadings. Instead, in order to successfully controvert a summary judgment motion, the opposing party must set forth, by affidavit or otherwise, specific facts and details which demonstrate the existence of a genuine issue. *Garcia v. American Marine Corporation*, 432 F.2d 6, 7–8 (5th Cir. 1970); *Bruce Construction Corp. v. United States*, 242 F.2d 873 (5th Cir. 1957). Affidavits must be made on personal knowledge and must set forth such facts as would be admissible in evidence. Fed.R.Civ.P. 56.

The plaintiff has brought suit on behalf of 159 of defendants' employees. The suit is based upon interviews with the defendants and approximately twenty of the employees and inspection of the defendants' records (*Deposition, Dalziel*, pp. 45–46; *Affidavit, Dalziel*). The plaintiff's evidence of wage and hour violations is based upon the interview statements. There are no records or other documentation that demonstrate the alleged violations (*Deposition, Dalziel*, p. 86). The interview statements were unsworn (*Deposition, Dalziel*, p. 86).

The plaintiff acknowledges that in order to determine whether the wage and hour provisions of the Act have been violated, the government must know the total earnings for each employee each week and the actual hours worked each week (*Deposition, Dalziel*, p. 34). The defendants' records reveal the amount of earnings for the employees. However, they do not show the number of hours worked per week. For this information the plaintiff relied upon the twenty interviews (according to Dalziel's deposition, only fifteen to sixteen were relevant to this action. *Deposition*, pp. 45–46).

Of those interviewed, an undetermined number told the plaintiff they were being paid the minimum wage. The plaintiff still seeks back wages for those employees (one of whom told the inspector he was making $4.25 an hour) upon the assertion that these employees were not receiving the minimum wage (*Deposition, Dalziel*, pp. 59–50, 86). The plaintiff concedes it is possible that defendants' employees were in fact paid the minimum wage (*Deposition, Dalziel*, p. 33).

An employee who brings suit for unpaid wages has the burden of proving that he performed work for which he was not properly compensated. He must produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721, 726 (5th Cir. 1961). In the case before the Court, thirty of the employees on whose behalf the plaintiff has sued have presented sworn testimony that they and their co-workers were lawfully compensated. They have presented testimony as to the number of hours they worked per week and the amount of compensation they received. These sworn statements pierce the pleadings of the plaintiff. It is incumbent upon the plaintiff to come forward with legally competent evidence showing the existence of a genuine issue of material fact. The plaintiff relies upon an affidavit from a compliance officer of the Department of Labor, Charles Dalziel. In the affidavit Dalziel states:

> ... In 1978 employees were assigned to a specific (chicken) house to gather eggs and were paid a daily rate of $17.86 or $20.84 depending on the house they were assigned. The employees I interviewed stated that they actually worked eight to twelve hours. Based on the above information I determined that Defendants' employees were being paid on the average $2.12 per hour in 1978. The minimum wage in 1978 was $2.90 per hour. I arrived at my computations by dividing the actual hours worked by twenty employees into the daily rate paid. This method of computing was necessary because the Defendants did not record the actual hours worked by its employees.

This is not a case in which there is a dispute between the employer and the employee as to the number of hours worked. The law is clear that in such a situation, if the employer does not keep adequate records, then the employee's testimony of hours worked is sufficient if it shows the amount of work as a just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co., supra.* In the case at bar, the employees have come forward and given sworn statements of hours worked. The plaintiff has not shown that the twenty employees whose hourly rates were utilized in his computations were not the same employees who have submitted sworn statements showing defendants' compliance with the law. Resolving all inferences in favor of the plaintiff, as the Court must in this summary judgment motion, and assuming that the twenty unsworn statements were made by different employees from those thirty who have given sworn statements in this suit, the evidence is insufficient to show a genuine issue of material fact.

An affidavit submitted in support of or in opposition to a summary judgment motion must be made upon personal knowledge. Dalziel has no personal knowledge of the number of hours worked per week by the individual employees—the essential factor in the plaintiff's equation. The affidavit presents only hearsay evidence that the defendants violated the provisions of the Act. The plaintiff has presented no authority for its position that such an affidavit would not constitute hearsay. In *Hodgson v. Kinslow*, 21 WH 636 (E.D.Ark.1974) this issue was considered by the court, and it was determined that these extra-judicial interviews do not constitute legally competent evidence. Because this evidence would not be admissible at trial, it is insufficient to defeat the motion of the defendants. It is ordered that the defendants' motion for summary judgment is GRANTED as to those allegations of the complaint asserting violations of the minimum wage provisions of the Act.

The plaintiff has elected not to pursue its claim for overtime compensation and has submitted no competent legally admissible evidence to show that any covered employee was not compensated for overtime worked. The sworn statements submitted by the defendants pierce the plaintiff's pleadings. The affidavit submitted by the plaintiff in opposition to the motion merely reasserts the allegations contained in the pleadings:

Defendants failed to pay certain of their employees at the rate one and one-half times their regular rates for hours worked by them in excess of forty hours in certain workweeks, as is required by section 7 of the Act.

Defendants' motion for summary judgment is GRANTED as to those allegations of the complaint asserting violations of the overtime compensation provisions of the Act.

Because the record clearly shows and the defendants do not deny that defendants' records fail to show the number of hours worked by defendants' employees, the defendants' motion for summary judgment is DENIED as to the allegations in the complaint asserting violations of sections 11(c) and 15(a)(5) of the Act.