Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

UNITED EGG PRODUCTS, INC., and Max Ballas, Individually, Defendants.

Civ. A. No. CV380–26.

United States District Court, S.D. Georgia, Dublin Division.

March 17, 1983.

Bobbye D. Spears, Regional Sol., William S. Burger; U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Robert H. Buckler, Alston, Miller & Gaines, Atlanta, Ga., for defendants.

## ORDER

BOWEN, District Judge.

In an order dated August 18, 1982, *Marshall v. United Egg Products, Inc.*, 95 F.R.D. 179, 180 (S.D.Ga.1982) the Court granted the defendants' motion for summary judgment as to those allegations of the complaint asserting violations of the minimum wage provisions of the Fair Labor Standards Act.[1] The plaintiff has moved the Court to set aside its entry of partial summary judgment.

As noted in this Courts' order of August 18, 1982, the proponent of a summary judgment motion bears the initial burden of demonstrating that no genuine factual issues exist. Significantly, "the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly carried its burden." *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (F. 5th Cir.1982). Upon reconsideration, I conclude that it was improper to grant summary judgment concerning the defendants' employment practices relating to all of the 159 employees for which the plaintiff asserts violations of the minimum wage provisions of the Fair Labor Standards Act. The defendants failed to meet their initial burden of showing the nonexistence of material facts except as to those alleged violations relating to the 25 employees who submitted affidavits in support of the defendants' motion for summary judgment and four of the five employees who were deposed. In regard to the employees who were deposed, I must conclude that genuine issues of fact exist as to the hourly rate paid to John T. Roberson.

Accordingly, to the extent that my order of August 18, 1982, extended to issues concerning employees other than Polly Roberson, Johnny Ray Adams, Betty Jean Hulett, Willie Pearl Clements and the 25 employees who submitted affidavits, that order is hereby VACATED. Summary judgment is hereby REAFFIRMED as to the plaintiff's minimum wage claims relating to the 29 employees just listed.

---

1. The plaintiff has withdrawn a previously asserted overtime claim and this Court denied the defendants' motion for summary judgment as to the allegations raised in this action concerning violation of sections 11(c) and 15(a)(5) of the Fair Labor Standards Act.