Daniel CUBBAGE, Plaintiff-Appellant,

v.

Gerald L. AVERETT and Southern Farm
Bureau and Insurance Company,
Defendants-Appellees.

No. 80–3099
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Unit A

Oct. 2, 1980.

Rehearing Denied Nov. 13, 1980.

Thomas M. Willmott, Neil C. Hall, III,
Metairie, La., for plaintiff-appellant.

Porteous, Toledano, Hainkel & Johnson,
John J. Hainkel, Jr., New Orleans, La., for
defendants-appellees.

Before BROWN, POLITZ and TATE,
Circuit Judges.

PER CURIAM:

The plaintiff Cubbage was severely in-
jured in a gas explosion that occurred in his
living quarters on his employer's premises.
He sued his employer and its insurer in tort.
He appeals from the dismissal of his suit
pursuant to the grant of summary judg-
ment to the defendants. The defendants'
motion was grounded on the alleged exclu-
sivity of a state workmen's compensation
remedy. We reverse the district court's
summary judgment because of genuine dis-
pute as to material fact.

*Undisputed Factual Showing*

Cubbage was hired as a farmhand by his
employer, Averett, to milk cows. He was
allowed by Averett to reside in a vacant
house on Averett's farm. Cubbage was to
milk the cows twice daily, starting about
3:00 a. m. and 2:00 p. m., with the milkings
lasting about three hours each.

Cubbage worked only one full day, Feb-
ruary 28, 1979. Having completed the eve-
ning milking, Cubbage went back to the
house, prepared some food on a hot plate,
ate, and sat on his bed. He then lit a
cigarette with a cigarette lighter. A vio-
lent gas explosion then occurred. As a re-

sult, Cubbage sustained serious personal injuries.

The district court granted summary judgment in favor of the defendants-appellees because it found that Cubbage's use of the house was "incidental to employment." As a result, the court stated that state workmen's compensation was Cubbage's exclusive remedy.

*The Threshold Issue*

The threshold issue of this case is whether or not there is any genuine issue of material fact which precludes summary judgment.

*A Disputed Issue of Material Fact Precludes Summary Judgment*

■ Summary judgment may be granted only if it appears from the pleadings, depositions, admissions, and affidavits, considered in the light most favorable to the opposing party, that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 468, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Keating v. Jones Development of Missouri, Inc.,* 398 F.2d 1011, 1013 (5th Cir. 1968); *Harvey v. Great Atlantic & Pacific Tea Co., Inc.,* 388 F.2d 123, 124 (5th Cir. 1968).

■ The motion for summary judgment was decided on the basis of depositions from the plaintiff Cubbage and the employer (Averett), and of affidavits of the plaintiff and his brother. In holding that workmen's compensation was the exclusive remedy (and therefor granting summary judgment dismissing Cubbage's suit), the district court resolved conflicting statements and inferences and held that the house provided by Cubbage to Averett was "incidental to employment." Under Louisiana compensation law, an employee who lives on his employer's premises may be entitled to workmen's compensation, under certain circumstances, for injuries resulting from a premise accident arising out of the employment or, sometimes, if required by his work to be on the premises at the time. Malone,

Louisiana Workmen's Compensation, Section 170, see also 229 (1952). See, e. g. *LeCompte v. Kay,* 156 So.2d 75 (La.App. 1st Cir. 1963); *Ivory v. Philpot Construction Co.,* 145 So. 784 (La.App. 2d Cir. 1933.)

The contradictory affidavits and depositions, which permit conflicting inferences, do not establish as a matter of law that, for such reason, the injured employee was entitled to workmen's compensation from, and thereby barred from a tort remedy against, his employer. Both parties admitted that the living arrangement was "part of the deal," i. e., the oral contract between Cubbage and Averett establishing their employer-employee relationship. However, the parties dispute the particulars of that "deal", and the particulars must be ascertained in order to determine whether or not the house provided was "incidental to employment." The district court itself noted that a "real question . . . is whether or not the house was furnished as simply a convenience to that employee because he was looking for a place to live, or whether it was in truth and in fact part of his compensation."

In ascertaining the make-up of that "deal," it is essential that we determine the motive and intent of the parties. For example, what exactly were Cubbage's duties on the farm? Was he *required* to live in the house? Was he subject to 24-hour call? Why was the house provided for Cubbage— for convenience or for compensation? When an issue such as we have here requires a determination of the parties' dispute as to the contents of an oral agreement, and those contents are material to the decision of the issue before the court, summary judgment should not be granted. *N.L.R.B. v. Smith Industries, Inc.,* 403 F.2d 889, 893 (5th Cir. 1968).

In ruling on a motion for summary judgment, the district court should abstain from resolving disputed fact issues. As this court has already stated in *Arrington v. City of Fairfield, Ala.,* 414 F.2d 687, 692 (5th Cir. 1969), "The court's duty is not to decide factual issues on summary judgment, but only to determine whether there are

factual issues to be tried." *See Gross v. Southern Ry. Co.*, 414 F.2d 292 (5th Cir. 1969).

*Conclusion*

Because we find that there were genuine issues of material fact in dispute, i. e., the intent of the parties to the oral agreement and the particulars of the agreement, we REVERSE the summary judgment of the district court and remand for further proceedings.