THE BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT 62, COOK COUNTY, Plaintiff-Appellant, *v.* THE ILLINOIS EDUCATION ASSOCIATION *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-1999

Opinion filed April 9, 1981.—Rehearing denied November 7, 1981.

Brydges, Riseborough, Morris, Franke & Miller, of Chicago (Ralph Miller, of counsel), for appellant.

Katz, Friedman, Schur & Eagle, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by plaintiff, the Board of Education, Community Consolidated School District 62, Cook County, Illinois (hereinafter the Board), to stay arbitration proceedings. A counterclaim to compel arbitration was filed by defendants, Des Plaines Education Association (hereinafter Des Plaines), a teachers' union, and its affiliate, Illinois Education Association. James Chiakulas and Robert Phillips were named as individuals and officials of the unions. The trial court issued its order, after consideration of the parties' motions and briefs, granting the motion to compel arbitration. This appeal flows from that order.

We affirm.

The dispute in this case arises from the act of the principal of Iroquois Junior High School of School District 62. A program of detention hall duty for teachers was instituted at the school for the 1978-79 school year. Prior to that school term, no teacher at the school had been assigned to detention hall duties without compensation over and above base salary. Although the Board operated two other junior high schools in the district,

both of the other schools had policies of assigning teachers to detention hall duty for additional pay.

The detention hall duty assignments were rotated among the teachers in the building. The rotation resulted in each teacher being assigned for approximately four mornings per school year at no more than one-half hour per morning, or a maximum of 2 hours per school year.

Plaintiff and Des Plaines entered into a collective bargaining agreement on August 21, 1977. Des Plaines presented a grievance under its contract provisions. The issue was compensability for detention hall duty. Defendants argue that the collective bargaining agreement provides for a detention hall co-ordinator which commands additional salary of five units or $675. That position, they argue, may be equated with the duty of supervising a detention hall for one-half hour per morning for 2 hours per school year. The detention co-ordinator is assigned on a yearly basis and involved 100 to 150 hours per year.

Plaintiff Board denied the grievance, asserting there was no language in the collective bargaining agreement which would prohibit the principal of a school from assigning a teacher to any particular normal duty not mentioned in the contract. Defendants argue that so long as a teacher presents a grievance the matter must be submitted to arbitration.

The sole issue for our determination is whether the. trial court properly granted the motion to compel arbitration.

Section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 102) provides, in part:

> "(a) On application of a party showing an agreement * * * and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, * * *.
>
> * * *
>
> (e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."

The professional grievance procedure in the agreement between plaintiff and Des Plaines provides, in its definitions paragraph, that:

> "*Any claim* by a teacher or the Association that there has been a violation, misrepresentation, or misapplication of the terms of this agreement shall be a *grievance*." (Emphasis added.)

We adhere to the rule we set forth in *Board of Education v. Johnson* (1974), 21 Ill. App. 3d 482, 492, 315 N.E.2d 634, 642. In that case, we held:

> "[T]he decision of whether a dispute is arbitrable (*i.e.*, minor in nature) should be left to the respective parties and the arbitrator(s). By so providing, we would allow a third party to make

the initial decision of arbitrability in disputes arising out of and in the contemplation of the collective bargaining agreement."

Thus, the Arbitration Act should apply to all grievances, even so-called minor disputes, absent an express exclusion contained in an agreement of the parties.

In *Board of Trustees v. Cook County College Teachers Union, Local 1600, AFT, AFL/CIO* (1979), 74 Ill. 2d 412, 421, 386 N.E.2d 47, 51, we clearly determined that the question of interpretation of the collective bargaining agreement is a question for the arbitrator and it is the arbitrator's interpretation or construction of the contract that has been bargained for by the parties. Where there is an agreement, the responsibility for determining the significance of a grievance is placed firmly with the arbitrator unless otherwise dictated.

Plaintiff's point of view is that there was no express agreement to arbitrate the issue of the additional duty with no extra pay. In support of this position, it cites *Croom v. City of De Kalb* (1979), 71 Ill. App. 3d 370, 389 N.E.2d 647. However, *Croom* does not support plaintiff's position. In *Croom*, the contract contained a clause which specifically limited arbitration to those grievances which involved an interpretation or application of express provisions in the collective bargaining agreement. The trial court found that the issue raised was not one upon which the parties had agreed to arbitrate. In reaching a decision, this court unequivocally stated:

"[W]e reject the suggestion of the defendant that we base our decision on the standard that for an issue to be arbitrable it must be 'stated in the contract in crystal clear language unextended and unenlarged either by construction or by implication.' " *Croom*, 71 Ill. App. 3d 370, 375, 389 N.E.2d 647, 651.

We find no limiting clause in the agreement in this case. We believe the trial court was correct in issuing its order to compel arbitration.

For the aforesaid reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and JIGANTI, J., concur.