KRESS CORPORATION, Plaintiff-Appellee, *v.* EDW. C. LEVY CO., Defendant-Appellant

Third District    No. 81-103

Opinion filed December 22, 1981.

Diane Mayne, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Dean B. Rhoads, of Sutkowski & Washkuhn, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This appeal arises from an order of the circuit court of Peoria County confirming an arbitration award upon application by Kress Corporation (Kress) and denying a motion to dismiss such application filed by Edw. C. Levy Co. (Levy).

Kress is an Illinois corporation in the business of building and selling slag pot carriers. Levy is a Michigan corporation which agreed in 1965 to assist in the development and marketing of certain slag pot carriers to be designed by Kress. The parties agreed that Levy would purchase one of the newly designed carriers at a price determined by a formula set forth in the agreement. The agreement further provided that Levy would be able to purchase additional carriers at a price determined by the greater of the formula for price specified for the initial unit or at "fabricator's actual cost plus 10%."

In 1978, Levy ordered four carriers from Kress and specified that it would pay "fabricator's actual cost plus 10%" based on the 1965 agreement. While these carriers were still in production, a dispute arose over the price to be paid by Levy. The parties thereafter agreed to submit the issue of the purchase price for these four carriers to an arbitrator. Their written submission agreement was addressed to the American Arbitration Association in Chicago, Illinois. It was signed by Kress in October 1979, and by Levy in March 1980, and specified that "the controversy shall be arbitrated in Peoria, Illinois."

An arbitration hearing was conducted in Peoria pursuant to the agreement, and the arbitrator's award notice was mailed to the parties on June 9, 1980. The total purchase price thus determined was $585,526.28, of which $496,000 had been paid previously by Levy. Since Kress had admitted that it still owed Levy $17,000 in royalties pursuant to a separate section of the 1965 agreement, the arbitrator determined that the balance then due Kress was $82,526.28.

On September 17, 1980, Kress filed an action for confirmation of the arbitrator's award. Levy responded by filing a statement of objections and motion to dismiss on December 5, 1980. The cause was heard on December 12, 1980, at which time the matter was taken under advisement. On January 27, 1981, the court entered an order confirming the arbitration award and denying Levy's objections and motion to dismiss. Judgment was entered accordingly. Levy has appealed this order.

On appeal, Levy presents five issues: (1) whether the Federal Arbitration Act (9 U.S.C. §1 *et seq.* (1976)) or the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 101 *et seq.*) governs the resolution of this case; (2) whether Levy is time-barred from asserting defenses to Kress' action for confirmation; (3) whether the parties' submission agreement is unenforceable for lack of certainty; (4) whether the arbitrator exceeded the scope of the submission agreement; and (5) whether the award is unenforceable as being contrary to public policy and in violation of the antitrust law of the United States.

We affirm the trial court's order. The parties' arguments and our reasons for affirmance follow.

Initially, Levy argues that the Federal Arbitration Act, rather than the Illinois Uniform Arbitration Act, governs because the transaction between the parties involves interstate commerce. (See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967), 388 U.S. 395, 18 L. Ed. 2d 1270, 87 S. Ct. 1801.) The relevant distinction between the two statutes, Levy's argument continues, is the manner in which the statute of limitations is applied against a party defending against confirmation of an arbitrator's award.

Under the Federal Act, the pertinent section reads as follows:

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." (9 U.S.C. §12 (1976).)

Federal case law interpreting this section of the statute establishes, according to Levy, that a party is not time-barred from asserting Federal statutory grounds for vacatur as a *defense* to a motion for confirmation after the 3-month period, even though the same grounds would have been time-barred if set forth in an *independent motion to vacate* filed after the 3-month period. (See *Riko Enterprises, Inc. v. Seattle Supersonics Corp.* (S.D. N.Y. 1973), 357 F. Supp. 521.) Application of the Federal rule

would, per cited case law, require that the trial court, whether State or Federal, consider the merits of Levy's defenses to Kress' application for confirmation of the arbitrator's award, despite the fact that such defenses were raised nearly six months after delivery of notice of the award.

Kress urges us to apply the law of the State of Illinois to the instant case. The pertinent section of the Illinois Uniform Arbitration Act reads as follows:

> "An application under this Section shall be made within 90 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known." (Ill. Rev. Stat. 1979, ch. 10, par. 112(b).)

Illinois case law establishes that a party is time-barred from asserting statutory grounds for vacatur, whether by independent motion to vacate or in defense of a motion for confirmation, if such grounds are asserted beyond the 90-day period. (See *Bloom v. Landy* (1979), 72 Ill. App. 383, 394, 389 N.E.2d 1286, 1295.) In the instant case, Illinois State law governs, Kress asserts, because the parties impliedly agreed that State, rather than Federal, law would be applied to the outcome of their price dispute. Where the parties agree to follow State law, Kress continues, their agreement will be given effect regardless of the fact that the underlying transaction involves interstate commerce. *Necchi Sewing Machine Sales Corp. v. Carl* (S.D. N.Y. 1966), 260 F. Supp. 665.

■■ Evidence of the parties' agreement to apply Illinois State law may be found in the fact that Levy's statement of objections and motion to dismiss cited exclusively to the Illinois Uniform Arbitration Act. Further evidence of such agreement may be found in the terms of the arbitration submission agreement itself. Specifically, the written agreement states as follows:

> "We further agree that the above controversy be submitted to one arbitrator selected from the panels of Arbitrators of the American Arbitration Association. We further agree that we will faithfully observe this agreement and the Rules and that we will abide by and perform any award rendered by the Arbitrator and that a judgment of the Court having jurisdiction may be entered upon the award. So as to provide both parties with equal access to the books and records of Kress Corporation, we agree that the controversy shall be arbitrated in Peoria, Illinois."

The parties do not dispute the fact that the circuit court for Peoria County had jurisdiction over the persons and subject matter of this cause. The narrow question is simply whether the court was bound to follow Federal or State law in ruling on the motions presented to it. Neither the underlying contract of 1965 nor the arbitration submission agreement

explicitly answers this question. However, both the conduct of the parties in petitioning for confirmation and moving to dismiss pursuant to the Illinois Uniform Act (see *I/S Stavborg v. National Metal Converters, Inc.* (2d Cir. 1974), 500 F. 2d 424, 425) and the express agreement to arbitrate in the State of Illinois (see *Mulcahy v. Whitehill* (D. Mass. 1943), 48 F. Supp. 917, 919; Restatement (Second) of Conflict of Laws §218 (1971)) imply that the parties agreed to submit their dispute to the law of Illinois as it applied to arbitration.

Accordingly, we find that sufficient evidence was presented to the trial court in the instant case to establish that the parties impliedly agreed that the law of the State of Illinois would be applied in resolving their dispute.

Levy contends that, regardless of any agreement the parties may have reached, the Supreme Court's opinion in *Prima Paint Corp.* mandates that the Federal Arbitration Act govern in the instant case inasmuch as the underlying contract was a contract evidencing a transaction involving interstate commerce. It is our opinion that Levy misperceives the scope of the *Prima Paint Corp.* decision. In *Prima Paint Corp.*, the court was asked to determine whether a Federal district court sitting in diversity jurisdiction was bound to apply State or Federal law in determining whether a charge of fraud in the inducement of a contract containing an arbitration clause was a question for the court or the arbitrators. The court determined that Congress, in enacting the Federal Arbitration Act, intended that *Federal* courts apply the Federal act whenever the underlying contract was a maritime transaction or a contract evidencing a transaction involving commerce. 388 U.S. 395, 405-06, 18 L. Ed. 2d 1270, 1277-79, 87 S. Ct. 1801, 1806-07.

■■ The court in *Prima Paint Corp.* was not asked to rule on the question presented in the instant case—namely, whether a *State* court was bound to apply Federal law when the underlying contract evidenced a transaction involving commerce. This precise question was, however, presented to the Superior Court of Delaware in *Pullman, Inc. v. Phoenix Steel Corp.* (1973), 304 A. 2d 334. In *Pullman,* the court stated that the Federal Arbitration Act establishes a substantive rule of Federal law which relieves Federal courts of applying State law in diversity cases, but Congress has not pre-empted the field of contracts in interstate commerce to the extent that State courts are obliged to apply Federal law in such cases. Therefore, in *Pullman,* the court applied Delaware State law in resolving a dispute arising from a contract involving interstate commerce even though application of Federal law might have required a different result.

Even if Levy is correct, in asserting that neither an explicit nor an implicit agreement was reached between the instant parties as to which law would govern, we find that the trial court may properly have

determined nonetheless that the law of the State of Illinois, rather than the Federal law, applied so as to bar Levy's defenses. In so ruling, we find that the reasoning of the court in *Pullman* is sound, and we reject as improvident the contrary conclusion reached in Indiana (see *Pathman Construction Co. v. Knox County Hospital Association* (1975), 164 Ind. App. 121, 326 N.E.2d 844) and certain other State jurisdictions (see Annot., 95 A.L.R.3d 1145, 1155-60) (1979)).

Having thus determined that the trial court might .properly have applied State law in determining whether Levy's objections were timely, we do not hesitate to conclude that Levy, having filed its objections in the trial court well over 90 days after delivery of the arbitrator's award, is time-barred from asserting defenses directly challenging the enforceability of the submission agreement and the arbitration award. (See *Bloom v. Landy.*) In so concluding, we are mindful of the underlying purpose of arbitration which is the promotion of speedy and final resolution of disputes so that the parties' business affairs may go forward with the least possible disruption.

■■ Levy contends that inasmuch as the Illinois Uniform Arbitration Act states that the 90-day limitation period applies "to an application under this Section" (Ill. Rev. Stat. 1979, ch. 10, par. 112(b)), the statute serves to limit only independent actions to *vacate* an award—not *defenses* to an application for confirmation. In so arguing, Levy urges us to reject Illinois case law (*Bloom v. Landy; Schroud v. Van C. Argiris & Co.* (1979), 78 Ill. App. 3d 1092, 398 N.E.2d 103), in favor of the "federal rule" set forth in *Riko Enterprises*. We find, however, that Illinois cases on point correctly interpret how the limitation period is to be applied. Because allowing a party to raise defenses to a motion to confirm an arbitrator's award beyond the statutory period would impose delays inherent in the judicial decision-making process and frustrate the purposes of arbitration, we refuse to subscribe to the argument posited by Levy that defenses to a motion to confirm should not be treated the same as a motion to vacate.

Furthermore, we find that even under the Federal arbitration statute, Levy is time-barred from asserting its defenses to Kress' motion for confirmation. In so ruling, we adopt the rationale set forth in *Teamsters Local No. 135 v. Jefferson Trucking Co.* (S.D. Ind. 1979), 473 F. Supp. 1255, *aff'd* (7th Cir. 1980), 628 F.2d 1023. In *Teamsters Local No. 135*, the Seventh Circuit Court of Appeals was asked to decide whether a party seeking to avoid an arbitration award conferred under a collective bargaining agreement could assert defenses raised after the applicable statute of limitations had elapsed. The court analyzed those decisions, such as *Riko Enterprises, Inc.*, wherein Federal courts had determined that the Federal limitation of actions (U.S.C. §9 *et seq.*(1976)) did not bar a party

from asserting defenses beyond the three-month period, and found such decisions unpersuasive. (628 F.2d 1023, 1026.) In ruling that the defendant was time-barred from asserting defenses to a suit to enforce the award, the Seventh Circuit court brought Federal application of the statutory limitations period in line with Illinois State law.

We therefore hold that whether the reason for the trial court's order confirming the arbitration award and dismissing Levy's objections thereto was based upon State or Federal law, the result reached was proper inasmuch as Levy's defenses were time-barred under both the Illinois Uniform Arbitration Act and the Federal Arbitration Act.

Because of our ruling with respect to the aforementioned issues, we do not reach the three issues presented to us on appeal which concern Levy's defenses to Kress' application and motion for confirmation. For the foregoing reasons, the order of the trial court is hereby affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.