THE BOARD OF EDUCATION OF MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101, Petitioner-Appellee and Cross-Appellant, *v.* MERIDIAN EDUCATION ASSOCIATION *et al.*, Respondents-Appellants and Cross-Appellees.

Fifth District    No. 82—202

Opinion filed February 8, 1983.

Drach, Terrell & Deffenbaugh, P.C., of Springfield, for appellants.

James W. Sanders and Associates, of Marion, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal is the result of a teachers' strike which took place against the Board of Education of Meridian Community Unit School District 101 (the district) between August 19 and September 16, 1980. That dispute was resolved by a collective bargaining agreement which provided that neither party "shall cause reprisals or recriminations against the other party nor against individual employees, students, or other parties who might be subject to same as a result of the work

stoppage." The parties to the agreement were the district and the Meridian Education Association (MEA), which was recognized by the district in the agreement "as the exclusive and sole negotiation agent for all regularly employed full-time certificated teaching personnel, except the Superintendent, Assistant Superintendent, Principals, and other central office professional staff." The agreement provided a procedure for resolving grievances, under which an employee would present a complaint to the employee's immediate supervisor, then to the superintendent. Finally, if not satisfactorily resolved, the grievance would be submitted to arbitration.

On November 3, 1980, the MEA filed with the superintendent a grievance based upon the nonreprisal clause. It alleged that since the strike, the district had made only token use of local substitute teachers who had refused to cross the picket lines and had instead made greater use of substitutes from out of town or out of State, contrary to prior practices. The superintendent denied the grievance in a letter dated November 10, and the MEA sought arbitration.

In a decision issued on April 10, 1981, the arbitrator found that, although substitute teachers were not covered by the recognition clause of the collective bargaining agreement, they were entitled to seek arbitration of their grievance. It was decided that the district had violated the nonreprisal clause "by discriminatorily underutilizing regular local substitute teachers" who did not cross the MEA's picket line. The arbitrator ordered the district to cease and desist from this practice and to pay the affected substitute teachers an amount based upon the difference between the usage made of the substitutes who did cross the picket line and those who did not.

On July 28, 1981, the district filed suit in the circuit court of Pulaski County to vacate the arbitration award. The district's petition alleged that, in granting that award, the arbitrator had exceeded his authority under the collective bargaining agreement. After hearing arguments from both parties, the court entered an order confirming the arbitration award in part and vacating it in part. It was held that the substitute teachers were third-party beneficiaries of the nonreprisal clause, and therefore the arbitrator had the authority to consider their grievance. The court found that the arbitrator's cease and desist order was proper, but stated that the monetary award was tantamount to the hiring of the substitutes and thus usurped the district's discretionary hiring powers. The monetary award was accordingly vacated.

The MEA appeals from this judgment and challenges the court's vacation of the monetary award. The district has brought a cross-ap-

peal in which it contends that the arbitrator exceeded his authority in rendering his decision. The MEA's first assignment of error, however, is that the circuit court lacked jurisdiction to hear the district's petition to vacate the award because that petition was concededly filed 109 days after the arbitrator's award was entered. This argument is made for the first time on appeal.

Section 12(b) of the Uniform Arbitration Act, as enacted in Illinois (Ill. Rev. Stat. 1981, ch. 10, par. 112(b)), states that an application to vacate an arbitration award "shall be made within 90 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known." According to this section, the failure to present a petition to vacate an arbitration award within that period deprives the court of jurisdiction to hear that petition. See *Kress Corp. v. Edw. C. Levy Co.* (1981), 102 Ill. App. 3d 264, 430 N.E.2d 593; *Schroud v. Van C. Argiris & Co.* (1979), 78 Ill. App. 3d 1092, 398 N.E.2d 103.

However, the version of the Uniform Arbitration Act adopted in Illinois contains a provision not found in the Uniform Act. Section 12(e) (Ill. Rev. Stat. 1981, ch. 10, par. 112(e)) states that nothing in section 12 or any other section of the Act "shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is part of or pursuant to a collective bargaining agreement; and the grounds for vacating, modifying, or correcting such an award shall be those which existed prior to the enactment of this Act." The MEA argues that to accept this provision as superceding the time limits of section 12(b) would, in effect, mean that no portion of the Uniform Arbitration Act would apply to arbitration based upon collective bargaining agreements. It is contended that this result would be contrary to other authorities which have applied portions of that Act to such arbitration. *Board of Education v. Illinois Education Association* (1981), 100 Ill. App. 3d 1026, 427 N.E.2d 789.

But section 12(e), as written, does not create an exception to the whole of the Uniform Arbitration Act where a collective bargaining agreement is involved. Instead, the exception which arises under that section applies only to action taken to vacate, modify or correct an arbitration award entered pursuant to a collective bargaining agreement. Section 12(e) does not purport to affect any other procedure taken in connection with such arbitration, and will not be so read.

■ Typically, section 12(e) is referred to for the proposition that the grounds for vacating, modifying or correcting an award entered

pursuant to a collective bargaining agreement are those which existed at common law rather than those specified in section 12(a). (*Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 427 N.E.2d 1199.) As such, it could be argued that the exception of section 12(e) only refers to the grounds for a petition to vacate, modify or correct such an award, and not to the time limits in which that petition must be filed. However, the wording of a statute should not be presumed to be surplusage (*Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716; *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787), and this construction of section 12(e) would do exactly that. To confine the application of that provision to the grounds for a petition to vacate, modify or correct such an arbitration award would render meaningless the clause of that section which precedes the semicolon. The plain wording of section 12(e) seems, instead, to override the jurisdictional time limits of section 12(b) when an arbitration award is made as part of or pursuant to a collective bargaining agreement. In such a case, the appropriate time limitation for a petition to vacate, modify or correct that award must be the five year period specified as applicable to actions on awards of arbitration in section 15 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 16). Under this standard, the district's petition to vacate the award was timely.

One of the common law grounds for vacating an arbitration award is whether the arbitrator exceeded his authority in issuing that award. (*Board of Education v. Chicago Teachers Union, Local No. 1; Board of Education v. Champaign Education Association* (1973), 15 Ill. App. 3d 335, 304 N.E.2d 138.) At trial and before this court, the district alleges that the arbitrator exceeded his authority in accepting arbitration of this dispute because the substitute teachers, while arguably covered by the nonreprisal clause, were not parties to the collective bargaining agreement.

The district is correct that a nonparty to an agreement cannot compel a party to arbitrate based upon that agreement, even if the nonparty is mentioned in the agreement. (*Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536, 302 N.E.2d 754.) This is a corollary to the rule that such a nonparty cannot be compelled to arbitrate. (*Mid-America Regional Bargaining Association v. Modern Builders Industrial Concrete Co.* (1981), 101 Ill. App. 3d 83, 427 N.E.2d 1011.) The question in this case is therefore whether the MEA, which originally brought the grievance to the superintendent, and then to arbitration, should be considered a party to the collective

bargaining agreement for the purposes of presenting the complaints of the substitute teachers. The status of a person or entity entitled to compel arbitration is, like the status of an issue as arbitrable, determined from the language of the agreement giving rise to the arbitration. *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.

■■ As we noted earlier, the recognition clause of the collective bargaining agreement did not include substitute teachers in the group of employees represented by the MEA in negotiations with the district. Moreover, the definition of "teacher" in the agreement referred to the phrase "regularly employed full-time certificated teaching personnel," as mentioned in the recognition clause. The rest of the agreement is consonant with this definition of a teacher, and included many provisions, such as those dealing with leave and transfers, which are of no interest to substitutes. Nor are any provisions of the agreement specifically applicable to them. Reading the contract as a whole, it is apparent that substitute teachers are not covered by the agreement and they are not parties to it. Therefore, they could not compel the district to arbitrate their grievance, even assuming that, as "other parties" in the nonreprisal clause, they were named in the agreement. *Property Management, Ltd. v. Howasa, Inc.*

The record in this case shows, however, that the teachers did not in fact bring the grievance to the superintendent or to arbitration. The MEA, representing the substitutes, was the named party in both proceedings, and the MEA was, of course, a signatory to the collective bargaining agreement. It does not necessarily follow, though, that the MEA is entitled to compel arbitration of grievances pertaining to any of its members, even if those members were not specifically covered by the collective bargaining agreement.

If we accept the MEA as a proper party to compel arbitration of the substitutes' grievance, we would endorse a fiction to allow the substitutes to do what they could not do under their own names. The real parties in interest to these proceedings are beyond doubt the substitutes themselves rather than the MEA. A cease and desist order or award of back pay would benefit the substitutes individually and would not benefit the MEA, as an entity. Consequently, the grievance which was brought to arbitration does not affect the MEA organization, or its membership generally, but only a subgroup of its membership which was not covered by the collective bargaining agreement.

■■ Thus, although the MEA signed the collective bargaining agreement, it did not do so as a representative of the substitute teachers. It cannot be said, then, that the MEA was a party to the

agreement as far as arbitration of the grievances of substitute teachers is concerned. The collective bargaining agreement does not grant the arbitrator the authority to hear matters brought by the MEA as a representative of the substitute teachers, and, as a result, the arbitrator exceeded his authority in hearing the grievance. His award must be vacated.

The nonreprisal clause may give the substitute teachers a cause of action for breach of contract as third-party beneficiaries, but we need not decide this issue. That clause does not grant the arbitrator any authority to consider the substitute teachers' grievance, and does not negate the plain meaning of the rest of the collective bargaining agreement that such authority was not intended by the parties to the agreement.

For the foregoing reasons, the award of the arbitrator must be vacated. The judgment of the circuit court of Massac County is accordingly affirmed in part and reversed in part.

Affirmed in part and reversed in part.

HARRISON, P.J., and KASSERMAN, J., concur.