**Edward L. WALLER, Plaintiff,**

**v.**

**INTERNATIONAL HARVESTER COMPANY and International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1307, Defendants.**

No. 82 C 0465.

United States District Court,
N.D. Illinois, E.D.

Nov. 17, 1983.

Barbara Revak, Law Offices of Rufus Cook, Ltd., Chicago, Ill., for plaintiff.

Michael Erp, Katz, Friedman, Schur & Eagle, Chicago, Ill., for defendant Union.

## MEMORANDUM AND ORDER

BUA, District Judge.

Before the Court is defendant United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1307's motion for partial summary judgment. Defendant seeks summary judgment in its favor on plaintiff's claim that the union breached its duty of fair representation under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* For the reasons stated herein, defendant's motion for partial summary judgment is granted.

 The following facts are not genuinely disputed. For purposes of this motion, the Court construes all inferences from these facts in a light most favorable to the plaintiff. *Cubbage v. Averett,* 626 F.2d 1307, 1308 (5th Cir.1980).

Plaintiff, Edward L. Waller, brings this suit against his employer, International Harvester Company ("Harvester"), and his union, United Automobile Aerospace and

Agricultural Implement Workers of America, Local 1307 ("the union"). Waller alleges that Harvester discriminated against him on the basis of his race in violation of 42 U.S.C. § 1981. Waller further alleges that the union "aided and abetted and conspired" with Harvester to discriminate against Waller because of his race in violation of 42 U.S.C. §§ 1981, 1985 and 29 U.S.C. §§ 151 *et seq.* Of particular significance to this motion are Waller's allegations that the union breached its duty of fair representation. Waller alleges that the union breached its duty of fair representation when it failed to pursue the grievances of black employees (Third Amended Complaint, ¶ 19) and when it persuaded Waller to settle his claims against Harvester "for a nominal payment." Third Amended Complaint, ¶ 21. Finally, although not the subject of this motion, Waller charges the union with violating Title VII, 42 U.S.C. 2000e *et seq.,* because the union "aided and abetted and conspired with Harvester to discriminate against plaintiff individually on account of his race...." Third Amended Complaint, ¶ 23.

In August, 1977, Waller rejected a $200 proposed settlement offer for resolution of a seniority violation. Also in August, 1977, the union informed Waller that it would not process his grievance further. Plaintiff's Response To Memorandum In Support of Motion of Defendant UAW Local 1307 For Partial Summary Judgment, at 1.[1] On August 26, 1977, Waller filed charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC) against Harvester and the union. On November 16, 1979, Waller received a "Notice of Right to Sue" from the EEOC. Suit was filed on January 4, 1980, and dismissed on May 21, 1981, with leave given to Waller to file a new complaint. Waller's Third Amended Complaint, filed March 1, 1983, is the subject of the union's motion for partial summary judgment.

---

1. Admissions in a brief may be used in determining that no genuine issue of material fact exists under Fed.R.Civ.P. 56. *United States v.*

*One Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir.1980).

The union advances two arguments in support of its motion for summary judgment on Waller's fair representation claim. First, the union argues that Waller's claim, filed over two years after the union refused to pursue his grievance, is barred by the six-month statute of limitations recently announced by the Supreme Court in *Del Costello v. International Brotherhood of Teamsters*, — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Second, the union argues that Waller's claim is barred because Waller failed to exhaust available internal union remedies.

Waller argues that his claim is not barred by *Del Costello's* six-month limitation period for three reasons. First, Waller distinguishes *Del Costello* on its facts. Second, Waller argues that *Del Costello* should not be applied "retroactively" to bar his claim. Third, Waller argues that even assuming the six-month limitation period applies, the statute of limitations was tolled during the pendency of Waller's complaint before the EEOC. Regarding the union's exhaustion argument, Waller replies that exhaustion should be excused because "such procedures would not in all probability result in a re-activation of his grievance or in an award of the complete relief sought in the fair representation suit."

■ In *Del Costello v. International Brotherhood of Teamsters*, — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations provided by Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), governed a suit by an employee against a union for breach of the duty of fair representation. Waller, however, argues that *Del Costello* is inapplicable because the plaintiff in *Del Costello*, in addition to suing the union, sued his employer for breach of the employment contract under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Although Waller correctly notes that he is not suing Harvester under Section 301, the Court finds this factual distinction irrelevant to the applicability of the six-month NLRA limitation period. Although *Del Costello* involved claims against both the union and the employer, the Court clearly held that the six-month limitation provided by § 10(b) "should be the applicable statute of limitations governing the suit, both against the employer and against the union." *Del Costello*, — U.S. at —, 103 S.Ct. at 2285. *Del Costello*, therefore, provides ample authority for this Court to hold that the six-month NLRA limitation period applies to a claim brought by an employee against a union even though the employee does not join the employer in a Section 301 claim.

Waller's second argument—that *Del Costello* should not be applied retroactively— deserves little discussion. Relying upon *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971),[2] and *Singer v. Flying Tiger Line Inc.*, 652 F.2d 1349 (9th Cir.1981),[3] Waller argues that it would

**2.** *Chevron* established three factors for determining whether a new judicially pronounced statute of limitations should be applied retroactively: 1) whether the ruling established some new principle of law, either by overruling clear past precedent or by deciding a case of first impression; 2) whether retroactive application would be inconsistent with the policies and purposes behind the rule; and 3) whether retroactive application would work a substantial inequity.

**3.** The *Singer* court refused to apply the Supreme Court's decision in *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), retroactively. *Singer*, however, represents a minority view. The vast majority of courts have applied the *Mitchell* holding retroactively. *See, e.g., Lawson v. Truck Drivers,*

*Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250 (6th Cir.1983); *Service Emp. Intern. Union Local No. 36, AFL–CIO v. Office Center Services*, 670 F.2d 404 (3d Cir.1982); *Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir.1981); *Baldridge v. Arkansas Best Freight System, Inc.*, 550 F.Supp. 1159 (S.D.Ohio 1982); *Ward v. Alside, Inc.*, 550 F.Supp. 1074 (W.D.Ohio 1982); *Edie v. Brundage Co.*, 546 F.Supp. 837 (W.D. Mich.1982); *Lewis v. Harbison-Walker Refractories*, 542 F.Supp. 1381 (W.D.Ind.1982); *Stahlman v. Kroger Co.*, 542 F.Supp. 1118 (E.D.Mo. 1982); *Hudson v. Teamsters Local Union No. 957*, 536 F.Supp. 1138 (S.D.Ohio 1982); *McCoy v. Truck Drivers, Chauffeurs and Helpers Local Union No. 100*, 526 F.Supp. 1256 (S.D.Ohio 1981); *Del Costello v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 524 F.Supp. 721 (D.Md.

be inequitable to apply *Del Costello* retroactively in this case. However, given that the Supreme Court, the Court of Appeals for the Seventh Circuit, and the District Court for the Northern District of Illinois have all applied the *Del Costello* six-month limitation retroactively, there appears little authority for this Court to hold otherwise. *See Del Costello,* —— U.S. at ——, 103 S.Ct. at 2294 (applying six-month limitation period retroactively to companion case consolidated with *Del Costello*); *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 303 (7th Cir.1983); *Ender v. Chrysler Corp.,* No. 73 C 23, slip op. at 5 (N.D.Ill. Aug. 15, 1983). Accordingly, Waller's second argument is without merit and the NLRA six-month limitation period governs Waller's fair representation claim against the union.

Waller's final argument regarding the statute of limitations issue is that the limitation period should be tolled during the pendency of Waller's complaint before the EEOC. Without citing any authority, Waller argues that "[i]t would be inequitable to penalize plaintiff for having awaited administrative action [before the EEOC]."

In *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1974), the Court held that the pendency of Title VII proceedings before the EEOC does not toll the limitations period for a 42 U.S.C. § 1981 cause of action. The Court reasoned that causes of action under Title VII and § 1981 are independent of each other and therefore a plaintiff must "take the minimal steps necessary to preserve each claim independently." *Id.* at 466, 95 S.Ct. at 1723.

■ *Johnson* is persuasive in resolving the issue of whether Waller's Title VII claim before the EEOC and his fair representation claim before this Court are legally independent of each other. In *Johnson,* the Court stated that "[o]nly where there is complete identity of the causes of action will the ... courts have an opportunity to assess the influence of the policy of repose inherent in a limitation period." 421 U.S. at 468 n. 14, 95 S.Ct. at 1724 n. 14. Waller's Title VII cause of action and his fair representation claim, although related, are separate actions. The former is grounded upon the union's alleged discriminatory conduct while the latter is directed at the union's failure to protect Waller's rights under the collective bargaining agreement. Waller's failure to file his fair representation claim within the six-month limitation period cannot be excused simply because he filed a Title VII claim against the union with the EEOC. As in *Johnson,* Waller has failed "to take the minimal steps necessary to preserve each claim independently." 421 U.S. at 466, 95 S.Ct. at 1723. Accordingly, Waller's fair representation claim against the union is barred by the six-month limitation period provided by § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

■ Finally, although not necessary for the resolution of this motion, the Court further holds that Waller's fair representation claim is barred because Waller failed to exhaust available internal union remedies. Generally, an employee must exhaust internal union remedies before resorting to judicial resolution of a labor dispute. *See Clayton v. Automobile Workers,* 451 U.S. 679, 692, 101 S.Ct. 2088, 2097, 68 L.Ed.2d 538 (1981). If, however, the internal union procedures are inadequate to provide the employee complete relief, exhaustion is not required. *Id.* at 693, 101 S.Ct. at 2097. Waller's conclusory allegations in his brief that the union's internal appeal procedures "would not in all probability result in a re-activation of his grievance or in an award of complete relief" are not sufficient to create issues of material fact to be tried. Waller has failed to allege any facts supporting these conclusory allegations. Therefore, Waller's fair representation claim against the union is also

1981), *aff'd,* 679 F.2d 879 (4th Cir.1982), *rev'd on other grounds,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Kikos v. International*

*Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO,* 526 F.Supp. 110 (E.D.Mich.1981).

**170**

barred because Waller failed to exhaust internal union remedies.[4]

### Conclusion

For the reasons stated herein, the union's motion for partial summary judgment is granted. The Clerk is directed to enter summary judgment in favor of the union and against Waller on Waller's claim that the union breached its duty of fair representation under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*

IT IS SO ORDERED.

---

**4.** The union's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 is denied. Although the Court has found Waller's fair representation claim against the union to be without merit, the claim was not "frivolous" and therefore Waller's attorney did not "multiply" these proceedings as defined by § 1927. *See Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 794 (7th Cir.1983).