**Alan B. KRECUN, Plaintiff,**

v.

**BAKERY, CRACKER, PIE, YEAST DRIVERS AND MISCELLANEOUS WORKERS UNION, LOCAL 734, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant and Cross-Claimant,**

**and**

**ITT Continental Baking Company, Inc., Defendant and Counter-Claimant.**

No. 83 C 0104.

United States District Court, N.D. Illinois, E.D.

May 2, 1984.

Thomas R. Palmer, Borovsky, Ehrlich & Kronenberg, Chicago, Ill., for plaintiff.

David Mathews, Carmell, Charone & Widmer, Ltd., Edwin C. Thomas, Bell, Boyd & Lloyd, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that hybrid actions brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against a union for breach of its duty of fair representation and against an employer for breach of a collective bargaining agreement would be governed by a six-month statute of limitations. The six-month period was taken from a federal statute, Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). Presently before this court is the question of what statute of limitations applies to an action by an employer to vacate a labor arbitration award. The court holds that the reasoning in *DelCostello* compels application of the same six-month statute of limitations to such actions.

## 1. *Background*

Plaintiff was discharged by defendant ITT Continental Baking Company, Inc. (Continental) from his position as sales driver on July 30, 1982. Continental premised the discharge on plaintiff's alleged inability to service the stores on his sales route due to an incident at a grocery store on the route. Plaintiff's employment was governed by a collective bargaining agreement entered into by Continental and defendant Local 734 (Union). The agreement provided for grievance procedures which included arbitration.

> Should any difference arise between the Employer and employees now provided for in these Articles, and which cannot be adjusted between the Employer and employees, it shall then be submitted to a committee of five (5) persons, two (2) selected by the Employer, two (2) by the Union, and the fifth by the first four members of the committee.

(Agreement, Art. XI.)

Plaintiff alleges that a grievance committee was formed and a decision was awarded in his favor ordering reinstatement. Continental alleges that no grievance committee was formed, that Continental had no opportunity to vote on the selection of the fifth member of any grievance committee that was formed, and that though meetings were held, Continental was not informed that the meetings were part of the grievance committee proceedings. Continental also alleges that the decision handed down by the purported grievance committee was grossly in error.

Continental refused to reinstate plaintiff. On January 6, 1983, plaintiff brought suit against Continental under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to enforce the award of the joint grievance committee. Plaintiff also brought suit under Section 301 against the Union for breach of its duty of fair representation. The Union brought a cross claim against Continental seeking enforcement of the award. Continental answered on February 28, 1983, denying the existence of a valid decision by the grievance committee, and brought counterclaims against the Union and third party individuals under Section 301, seeking to have the award vacated and declared unenforceable, as well as seeking monetary relief.

The Union and plaintiff have moved to strike those portions of Continental's answer and to dismiss that count of the counterclaim which contests the validity of the arbitration award. These motions are brought on statute of limitations grounds. Plaintiff also moves for summary judgment on its count seeking enforcement of the award. The Union moves to strike Continental's fourth affirmative defense as contrary to established law and to dismiss Continental's monetary claims against the Union on the grounds that Continental has yet to exhaust its remedies under the collective bargaining agreement. Finally, individual third party defendants named in Continental's counterclaims seek to dismiss the action against them on a number of grounds.

The Union claims that Continental's answer and counterclaim, which attack the validity of the arbitration award, fall outside the 90-day limitation period for bringing an action to overturn an arbitration award. *See* Ill.Rev.Stat. ch. 10, § 112(b). The Union argues that the above statute is the proper state statute of limitations to govern actions brought under Section 301. *See generally United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.,* 628 F.2d 1023 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). Continental claims that it is not seeking to vacate the award because it contends no valid award exists.[1] In the alternative, Continental contends that the ten-year state statute of limita-

---

**1.** Because the court finds for Continental on the statute of limitations issue, it need not discuss this contention.

tions for written contracts, the five-year state statute of limitations governing oral contracts or the six-month federal statute of limitations for NLRA suits should apply. Briefs in this case were filed before the Supreme Court's decision in *DelCostello*.

As stated previously, the Court in *Del-Costello* applied a six-month statute of limitations to hybrid actions brought by employees against the union and the employer. It is not clear whether the Court intended use of the six-month limitation period for actions by employers to vacate an arbitration award. The 5th Circuit has declared that the Court did not so intend. *See International Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC v. Ingram Mfg. Co.*, 715 F.2d 886, 888–89 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1711, 79 L.Ed.2d —— (1984), where the court applied a four-year limitation. There are some indications within *DelCostello* to support the 5th Circuit's use of a different, if not a longer, limitations period. In *DelCostello* the Court was clear in defining the scope of the decision to include only the type of hybrid suit involved in that case. In addition, the Court appeared particularly concerned about the effect of shorter limitations periods on unsophisticated employees, *see Del-Costello, supra,* 103 S.Ct. at 2291, not a concern when an employer, surely represented by counsel, is involved. The Court in *DelCostello* was also concerned that use of statutes of limitations involving actions to vacate commercial arbitration awards was not sufficiently analagous to the hybrid actions involved to warrant adoption of those statutes. *See Id.* 103 S.Ct. at 2291–92. The analogy between an action to vacate a labor arbitration award and an action to vacate a commercial arbitration award is much stronger. While these factors show that the conclusion in *DelCostello* can be distinguished, other concerns underlying that decision make a compelling case for use of the six-month statute of limitations adopted by the Court from Section 10(b) of the NLRA.

■ The search for an appropriate statute of limitations to apply when Congress has not specifically detailed one is not done mechanically. The Court must examine the purposes to be effectuated by the limitation and what statutory period best effectuates those purposes. Thus, in *Mitchell*, the Court in choosing between state statutes chose the shorter period as being more consistent with congressional intent. *See* 451 U.S. 63–64, 101 S.Ct. at 1564–1565. And thus, in *DelCostello*, the Court chose to adopt the statutory period found in federal rather than in state law. The Court wrote:

> In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law.
>
> "[T]he Court has not mechanically applied a state statute of limitations simply because a limitations period is absent from the federal statute. State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies. 'Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide.'" *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977), *quoting Johnson v. Railway Express Agency,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975).
>
> Hence, in some cases we have declined to borrow state statutes but have instead used timeliness rules drawn from federal law—either express limitations periods from related federal statutes, or such alternatives as laches.

*DelCostello,* 103 S.Ct. at 2289. Following this principle the Court has refused to apply state statutes of limitations whose period was too long, *see Mitchell, supra,* 451

U.S. at 64, 101 S.Ct. at 1564 (stating six-year period could make legislation unworkable), or too short. *See DelCostello, supra,* 103 S.Ct. at 2291–92. Thus, consistency with federal labor legislation is the crucial factor in determining which limitations period to accept.

In *DelCostello* the Court found the six-month statutory period of the NLRA to be consistent with a number of the purposes of the legislation under which that suit was filed. Those purposes also underlie the filing of the present suit. The Court in *DelCostello* emphasized the need for national uniformity in cases involving " 'those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of suits under it.' " 103 S.Ct. at 2289, quoting *Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966). The present case implicates the arbitration process as squarely as *DelCostello.* The need for uniformity, therefore, is similarly pressing. It can only be achieved by resorting to a federal limitations periods rather than the disparate limitations period extant in state law.

In addition, the Court in *DelCostello* was concerned with striking a balance between the national interest in encouraging stable bargaining relationships and finality in private settlements, and the interests of the party seeking to set aside what the party considers to be an unjust award. *See* 103 S.Ct. at 2294. This balancing is substantially the same, whichever party contests the validity of an arbitration award.

Indeed, the balance of interest so painstakingly crafted by the Court in *DelCostello*—the search for equipoise between the national interest in stability of bargaining and in the expeditious and certain resolution of labor disputes, on the one hand, and the similar but more particularized interest of all parties to a given dispute (employer, employee and union) in not only those considerations but in individualized rights and in the availability of judicial review designed to insure fairness of results without undue disruption of the workplace, the collective bargaining process or the protectible rights of the parties themselves, on the other hand—is precisely what is at stake here.

*Linder v. Berge,* 567 F.Supp. 913, 916 (D.R.I.1983) (extending *DelCostello* to include employees not covered in a narrow reading of the case). Striking that balance the Court in *DelCostello* found the six-month period to be the most efficacious. The balance to be struck in the present case requires measuring similar, if not identical, policies and concerns. The conclusion that six months is the proper limitations period in this case seems warranted.

Finally, in *DelCostello* the Court warned against assuming that " 'doctrines involved in other contexts will be equally well adapted to the collective bargaining process.' " 103 S.Ct. at 2294, *quoting Humphrey v. Moore,* 375 U.S. 335, 358, 84 S.Ct. 363, 376, 11 L.Ed.2d 370 (1964) (Goldberg, J., concurring). The limitations period legislated in Section 10(b) and adopted by the Court in *DelCostello* was designed with congressional concerns specific to labor problems in mind. The limitations period makes no distinctions between the various parties involved, effectuating congressional labor policies in an equal and uniform manner. Adopting that statute of limitations, rather than state statutes designed to satisfy policies only tangentially related, if related at all, to national labor policies seems in keeping with the Court's warning.[2]

■ This court understands that *DelCostello* on its face does not prescribe a six-month limitations period for this action.

**2.** This is especially apparent in Illinois, where arbitration under collective bargaining agreements are not covered by the ninety-day period, *see* Ill.Rev.Stat. ch. 10, § 112(e), but, instead, by the state's five-year limitations period, Ill.Rev.Stat. ch. 110, § 13–205. *See Board of Education v. Meridian Education Association,* 112 Ill. App.3d 558, 68 Ill.Dec. 220, 445 N.E.2d 864 (5th Dist.1983). The Court in *Mitchell* has already held that a limitations period that long is inconsistent with federal labor policy. *See Mitchell, supra,* 451 U.S. at 64, 101 S.Ct. at 1564.

The present suit is not a hybrid action like that dealt with in *DeCostello*. The Court, however, indicated that the underpinnings of the decision may be applicable to all Section 301 suits, *see DelCostello, supra,* 103 S.Ct. at 2287 n. 12, and those underpinnings warrant the result reached here. The Court has held that six months is an acceptable amount of time for an arbitration award to remain in limbo. No strong policy reasons compel a shorter limitations period for employers. If a shorter period was to be followed, the uniformity sought by Congress would disappear. The six-month limitations period has been applied to suits against a union in a non-hybrid form pursuant to the reasoning in *DelCostello*. *See Waller v. International Harvester Co.,* 574 F.Supp. 166, 168 (N.D.Ill. 1983). While that result seems a natural extension of the Court's reasoning in *DelCostello,* the result reached here appears no less natural. Accordingly, the court holds that Continental's answer and counterclaims contesting the validity of the arbitration award are governed by the six-month statute of limitations adopted from Section 10(b) of the NLRA.

■ The letter announcing the grievance committee's decision relied on by plaintiff was dated October 8, 1982. Continental's answer and counterclaims attacking the validity of the decision were filed on February 28, 1983, about four and one-half months after the decision. Continental's attack, therefore, is within the six-month statute of limitations and, accordingly, the motion by plaintiff and the Union to strike and dismiss are denied. Because Continental's answer survives this attack, plaintiff's motion for summary judgment on count I is also denied.

■ Continental has not replied to the other arguments raised by plaintiff, the Union, and other third party defendants. Instead, it has asked this court to set a briefing schedule to decide those issues after it has ruled on the statute of limitations issue. Two of the issues can be disposed of without further briefing. First, the Union moves to strike Continental's fourth affirmative defense, which alleges that plaintiff has failed to exhaust his internal union remedies. The Supreme Court has held in *Clayton v. United Automobile Workers,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), that if internal union remedies could not grant a plaintiff the full relief sought, exhaustion of internal union remedies was not a prerequisite for judicial action. Plaintiff seeks, among other relief, reinstatement which cannot unilaterally be granted by the Union. Accordingly, plaintiff was not required to exhaust his union remedies before bringing suit. The motion to strike Continental's fourth affirmative defense is granted. Second, defendant Hoberg moves to dismiss the third party complaint against him on the grounds of arbitrator immunity. Hoberg was the fifth member of the grievance committee. The 7th Circuit has extended the immunity afforded arbitrators to include immunity from challenges to the right of those arbitrators to make any decision in the case before them. *See Tamari v. Conrad,* 552 F.2d 778 (7th Cir.1977). Accordingly, Hoberg's motion to dismiss is granted. Any other motions, including the Union's motion to dismiss Continental's counterclaims for failure to exhaust arbitration remedies, are to be resubmitted to the court.

For the foregoing reasons, the motions by plaintiff and the Union to strike and dismiss portions of Continental's answer and Continental's counterclaims are denied. The motion by the plaintiff and the Union to strike Continental's fourth affirmative defense is granted. The motion of third party defendant Hoberg to dismiss the counterclaims against him is also granted. All other motions are to be resubmitted to the court.